82,556-04

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 15 2015

Abel Acosta, Clerk

COVER LETTER:

Dear

Mr. Abel Acosta, Clerk. I am Tedrick Dewayne MORGAN #1935097. I am writing to correct a mistake filed on behalf of my Mandamus. Your office should have received a Half Written Mandamus from me with a letter to the district clerk attached as Exhibit (I). I would like to ask your office to disreguard the previous half written Mandamus and take the Exhibit from that disreguarded Mandamus and attach Exhibit (I) to this correct Mandamus that is inclosed with this Cover Letter. I do not know if my Mandamus is applied correctly but the 20th day of the answer from the state to my Writ 3-27-15 will be 4-16-15 pertaining to Cause # 68,024-E Poss of Control Substance less than 1 gram DFZ waived, State Jail felony. Enhanced 20 years TDC. No fact finding has been made by this Court and if so I have not been notified and thus is the purpose of the my Inclosed Mandamus. Once again, Please disreguard the half written Mandamus previously sent to your Courts and Attach Exhibit (I) and its content (a letter) to the correctly written Mandamus that is inclosed with this Cover Letter. Thanks for your Time & Efforts and may God Bless this Court.

Respectfully True
Mr. Jedrick D Morgan
4/13/15

TEDRICK DEWAYNE MORGAN     § IN THE 108th Judicial

#1935097

§

● VS

§

§ District County of ~~[redacted]~~

§

§

Caroline Woodburn, County District Clerk §

§

§       Potter       County Texas

**A. Plantiff's Original Application for Writ of Mandamus**

TO THE Honorable Judge of Said Court:

Comes Now, Tedrick Dewayne Morgan, Relator, pro se in the Above styled and numbered Cause of Action and files the original Application for Writ of Mandamus, pursuant to Article 11.07 Section 3 (e) of the Texas Code of Criminal Procedure, and would show the court the following:

I

**B. Relator**

1.01: Tedrick Dewayne Morgan, 1935097 is an offender incarcerated in the Texas Department of Criminal Justice and is Appearing pro se, who can be located at the Dick Ware Unit, 1681 South F.M. 3525, Colorado City, Texas. 79512...

1.02: Relator has exhausted his remedies and has no other adequate remedy at law.

1.03: The Act sought to be compelled is ministerial, not discretionary in nature. TCCP Article 11.07 Section 3(e) requires respondent to

immediately transmit to the court of Criminal Appeals a copy of the Application for Writ of Hapens Corpus, any answer filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. No copy of the Application for Writ of Hapens Corpus, any answer filed, and a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals by respondant as required by statue, Relator would have received notice from the Court of Criminal Appeals.

## II

C. Respondent

2.01: Respondent Caroline Woodburn, in her capacity as District Clerk of Potter County, Texas has a ministerial duty to receive and file all papers in criminal proceedings, and perform all other duties imposed on the Clerk by law pursuant to TCCP Art 2.21 and is responsible under TCCP 11.07 sec 3 (c) to immediately transmit to the Court of Criminal Appeals a copy of Application for Writ of Hapens Corpus, any answer filed, and a certificate reciting a date upon which finding made of the convicting Court decides that there are no issues to be resolved. Caroline Woodburn, District Clerk of Potter County may be served at her place of business at Caroline Woodburn District Clerk Potter County, P.O. Box 9570, Amarillo, Texas, 79105-9520

## III

D. Violation of Article 11.07 of Texas Code of Criminal Procedure

3.01: The respondent violated Article 11.07 Section 3 (c) of the Texas

Code of Criminal Procedure by failing to provide a copy of Application for Writ of Hapeas Corpus, any answer filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted.

3.02: Request for the transmittal of Application for Writ of Hapeas Corpus, any answer filed, and a certificate reciting the date upon which that finding was made. Request were made by Relator to, Caroline Woodborn, District Clerk, of Potter County by U.S. Postal Mailed letter dated 03/24/2015, pursuant to Article 11.08 sec 3 (c) of the Texas Code of Criminal Procedure. A True and accurate copy of the above letter are attached hereto as Exhibit (I) and are incorporated by reference herein for all purposes.

3.03: As is clear from Relator's letter, Relator has ~~repeatedly~~ respectfully put respondent on notice that Relator seeks the transmittal of a copy of Application for Writ of Hapeas Corpus, any answer filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals and that such record are required by the Court of Criminal Appeals to act on the relator's Writ of Hapeas Corpus. Relator has ~~gone~~ gone well beyond any requirement or obligation imposed upon him by Texas Code of Criminal Procedure. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure Article 11.07 sec 3 (c) is acting in bad faith, and has also failed to afford Relator the professional and common courtesy of any written response to his correspondence and request.

3.05: Article 11.07 Section 3(c) clearly states that "(I) if the convicting

court decides that there are no such issues, the clerk shall immediately transmit [Emphasis Add] to the Court of Criminal Appeals copy of the Application for Writ of Habeas Corpus, any answer filed, and a certificate reciting the date upon which the finding was made failure ~~constitute such a finding~~ of the Court to act within the allowed 20 days shall constitute such a finding Texas Code of Criminal Procedure Article 11.07 sec 3 (c) Respondent is in Violation of the procedure, ministerial dates which will Expire on 04/16/2015 and thus the law of this stat.

## IV

D Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Relator Tedrick Dewayne Morgan pro se respectfully requests a finding that Respondent did not transmit documents to the Court of Criminal Appeals within reasonable after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed Relator prays for an order directing Respondent to transmit Copy of Application for Writ of Habeas Corpus, any answer filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure and as requested in Relator's letter Exhibit I

Respectfully Submitted
as 04/13/2015

By Mr. Tedrick D Morgan
Relator